UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY LEE PRESTON,

    Plaintiff,

v.

GRETCHEN WHITMER, et. al.,

    Defendants,

Case No. 25-cv-12427

Honorable Robert J. White

**OPINION AND ORDER (1) DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND (2) DISMISSING THE COMPLAINT**

This matter is before the Court on Plaintiff Harvey Lee Preston's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff is an inmate confined at the Ionia Maximum Correctional Facility in Ionia, Michigan. Upon review of the case and Plaintiff's litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to

1

provide the $350.00 filing fee, plus a $55.00 administrative fee, when he filed his complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), allows prisoners the opportunity to make a "downpayment" of a partial filing fee and then pay the remaining fee in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); *reconsideration denied,* 655 F. Supp. 3d 636 (E.D. Mich. 2023).

Here, a review of federal court records indicates that Plaintiff has had at least four prior civil rights complaints dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Preston v. White*, No. 03-249, 2004 U.S. Dist. LEXIS 32915 (W.D. Mich. Jan. 7, 2004); *Preston v. Duney*, No. 03-253, 2003 U.S. Dist. LEXIS 29408 (W.D. Mich. Jan. 6, 2004); *Preston v. Burch*, No. 03-581, 2003 U.S. Dist. LEXIS 23032 (W.D. Mich. Dec. 5, 2003); *Preston v. MDOC*, No. 03-812, 2003 U.S. Dist. LEXIS 29409 (W.D. Mich. Dec. 2, 2003). And courts have subsequently denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule at least eight times because of

these frivolity dismissals. *See Preston v. Bonn*, No. 25-29, 2025 WL 731973 (W.D. Mich. Mar. 7, 2025) (collecting cases).

Under the PLRA, a federal court may dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. A federal court is permitted to take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x. 483, 485-86 (6th Cir. 2005).

Plaintiff has had at least four prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. And Plaintiff has subsequently been informed at least eight times that he was precluded from proceeding *in forma pauperis* in other civil rights actions because of these prior dismissals under § 1915(g).

3

Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and he therefore does not come within the exception to § 1915(g) and may not proceed *in forma pauperis* here. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x 470, 472 (6th Cir. 2002).

Plaintiff claims that he is being discriminated against by the defendants for his age and disability because he is not being given the chance to be resentenced on his criminal case as many juvenile defendants have been.  Plaintiff does not specify his convictions, but a review of Plaintiff's prior habeas case indicates he was convicted by a jury in the Oakland County Circuit Court for carjacking, unarmed robbery, first-degree home invasion, and two counts of second-degree criminal sexual conduct.  Plaintiff has been denied habeas relief from this conviction. *Preston v. Gidley*, No.14-10606, 2017 U.S. Dist. LEXIS 169280 (E.D. Mich. Oct. 12, 2017), *reconsideration denied* 2017 U.S. Dist. LEXIS 227469 (E.D. Mich. Nov. 30, 2017), *appeal dismissed sub nom. Preston v. Smith*, No. 17-2512, 2018 U.S. App. LEXIS 1534 (6th Cir. Jan. 22, 2018).[1]

---

[1] Plaintiff has since been denied permission numerous times by the Sixth Circuit to file a successive federal habeas petition. *See, e.g., In re Preston,* No. 18-1847, 2018 U.S. App. LEXIS 33214 (6th Cir. Nov. 26, 2018); *In Re Preston,* Nos. 24-1521 and 24-1597, 2024 U.S. App. LEXIS 27809 (6th Cir. Nov. 1, 2024); *In Re Preston,* Nos. 25-1045 and 25-1162, 2025 U.S. App. LEXIS 6606 (6th Cir. Mar. 20, 2025).

Plaintiff's claim that he is unlawfully imprisoned does not satisfy the imminent danger exception of the three-strikes rule. *See Staffney v. Cole*, No. 22-12820, 2023 WL 113037, at *2 (E.D. Mich. Jan. 5, 2023), *appeal dismissed sub nom. Staffney v. Cohle*, No. 23-1149, 2023 WL 9785710 (6th Cir. Sept. 27, 2023); *see also LeBlanc v. Kalamazoo Police Dep't*, No. 17-999, 2017 WL 6379659, at *2 (W.D. Mich. Dec. 14, 2017). The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 F. App'x 560, 562 (6th Cir. 2011). Plaintiff's allegations fail to show that there is any imminent danger of death or serious physical injury that is contemporaneous with the filing of this complaint.

Plaintiff civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since Plaintiff has had four prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-06 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

* * *

For the reasons given, the Court ORDERS that Plaintiff's *in forma pauperis* status is DENIED and the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that any appeal taken by Plaintiff would not be done in good faith.

Dated: August 26, 2025　　　　　　　　　s/Robert J. White
　　　　　　　　　　　　　　　　　　　　Robert J. White
　　　　　　　　　　　　　　　　　　　　United States District Judge